JAMES MEYER, Jr., Respondent, v. HENRY J. CULLEN, Administrator, etc., Appellant.

Where, in an action of fraud, it is sought to corroborate the evidence of the fraud complained of by proof of a cotemporaneous fraud, the evidence of the latter must be such as would be sufficient to warrant the submission of the case to the jury, were the action founded thereon.

The discretion of a court to reject evidence offered after the close of the testimony and before the submission of the case to the jury, is a judicial, not an arbitrary one; and, in case of abuse thereof, the wrong may be redressed upon appeal. (REYNOLDS, C.)

Plaintiff's complaint contained two counts for different frauds. Plaintiff gave evidence under both counts; but upon the close of his case, on motion of defendant, the complaint was dismissed, as to the second, on the ground that there was no proof to support it. Defendant gave no evidence in reference thereto. In his summing up, plaintiff's counsel

discussed the evidence given under the second count, claiming it proved a cotemporaneous fraud, and tended to show fraudulent intent in the transaction upon which the first count was founded. Defendant's counsel objected, but the court overruled the objection. Defendant's counsel then offered to prove that there was no fraud in the transaction set forth in the second count, but the court excluded the evidence. The court charged the jury, in substance, that they had the right to take into consideration the evidence under the second count, as to the question of intent under the first count. *Held,* error; that having ruled that there was no evidence to prove the fraud charged in the second count, defendant had the legal right to confine the summing up to the evidence given under the first; that if the judge, at that stage of the case, came to the conclusion that there was some evidence under the second count, defendant was entitled to introduce evidence to rebut it; and that, not having permitted this to be done, the judge should have protected defendant's rights by a charge in conformity with his first ruling.

(Argued June 10, 1873; decided September term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment in favor of plaintiff entered upon a verdict.

This was an action of fraud. The facts appear sufficiently in the opinion.

*William Ware Peck* for the appellant.

*W. W. MacFarland* for the respondent. Evidence to prove a cotemporaneous fraud, similar to that which constituted the cause of action, would have been admissible, even if such fraud had not been the subject of a count in the complaint. (1 Phil. Ev., 750, C. & H. Notes; 107 Mass., 149.)

EARL, C. The complaint contained two counts—one for fraud in the sale to the plaintiff by defendant's intestate, Jacob Goedel, of 100 shares of the stock of the Richmond Coal Company, and the other for fraud in the sale to the plaintiff, by the same party, of an interest in the Cumberland Saltpeter Company. The fraud was denied in the answer. Upon the trial the plaintiff gave evidence under both counts. At the close of his evidence defendant moved to dismiss the

complaint, as to the second cause of action, on the ground that there was no proof to support it, and the court granted the motion. The defendant therefore gave no evidence as to that cause of action. But plaintiff's counsel, when he came to the summing up to the jury, proceeded to discuss the evidence introduced by him under the second count, claiming from it that Goedel had committed the fraud on the plaintiff alleged therein, and that such fraud was cotemporaneous with the transfer to the plaintiff of the stock in the coal company, and tended to show the fraudulent intent of Goedel in making the transfer of the last-named stock. Thereupon defendant's counsel objected to plaintiff's counsel making such use, or any use, of the evidence relating to the second count, upon the ground that plaintiff had been nonsuited as to that count, and that the defendant had had no opportunity to meet the evidence given under it with counter-evidence. The court overruled the objection, and defendant's counsel excepted. Defendant's counsel then offered to prove that, in the matter of the transfer to plaintiff of the saltpeter interest alleged in the second count, Goedel committed no fraud, and made no misrepresentations. The court excluded the evidence, and defendant's counsel excepted. After the summing up, the counsel for plaintiff, among other things, asked the court to charge the jury " that, upon the question of intent with which the representations as to the Richmond Coal Company stock were made, the jury have a right to take into account the evidence as to the representations made as to the Cumberland Saltpeter Company interest, which the defendant proposed to sell to the plaintiff at about the same time, and the evidence as to their truth or falsity." The judge charged the jury, among other things, substantially, as thus requested, and defendant's counsel excepted to this portion of the charge. The rulings of the learned judge who held the circuit worked manifest injustice to the defendant, and may justly be complained of as erroneous. In the first place, he held that there was no evidence tending to prove the fraud alleged in the second count of the complaint; and, as to the cause of action

contained in that count, dismissed the complaint. The defendant could not therefore, with propriety, give any evidence as to that cause of action. The ruling of the judge put an end to the litigation as to it. He then permitted plaintiff's counsel to sum up the evidence given as to that cause of action, and claim to the jury that he had given evidence, as to it, tending to prove the fraud alleged in reference to it, and that such fraud, being cotemporaneous with the fraud alleged in the first count, could be taken into consideration by the jury in judging of the fraud alleged therein. Not only this: he denied the request of the defendant to give evidence in rebuttal of plaintiff's evidence in reference to the second cause of action.

Having ruled that there was no evidence tending to prove the fraud charged in the second count, he should not have permitted the counsel to claim to the jury that there was any. If there was no evidence of fraud sufficient to carry the case to the jury upon the second count, then there was no evidence of fraud for any purpose. I cannot understand how there could be evidence of fraud, under the second count, sufficient to corroborate the evidence of fraud given under the first count, and yet not sufficient to carry the case to the jury as to the second count.

It was not necessary, as has been claimed, for the defendant to move to strike out the evidence given under the second count because the judge had ruled that it did not tend to prove fraud, and hence was of no consequence. Therefore, I think the defendant had the legal right to confine the summing up to the evidence given under the first count. If, however, the judge at that stage of the case changed his mind, and came to the conclusion that there was some evidence for the consideration of the jury, tending to prove the fraud alleged in the second count, he should at least have given permission to the defendant to rebut the evidence. This permission he refused. But it still remained with the judge to protect the rights of the defendant in his charge to the jury. He should have been consistent throughout, and

should have charged the jury that there was no evidence for their consideration as to the fraud alleged in the second count. But, instead of this, he charged the jury that they might consider any evidence which the plaintiff had given, tending to prove fraud under the second count, upon the question of the fraud alleged to have been committed in the first count. I cannot doubt that, under the circumstances of the case, this charge was erroneous.

The judgment should be reversed and new trial granted, costs to abide event.

Reynolds, C. It seldom happens, as it did in this case, that the plaintiff is nonsuited as to one-half of his claim and the cause continued to a recovery as to the balance. This sort of proceeding is quite anomalous, and, as the practice was adopted on the application of the counsel for the defendant, he could not ordinarily be permitted to question its propriety. When, at the close of the evidence on the part of the plaintiff, it was moved that the complaint be dismissed as to the second cause of action, relating to the "Cumberland Saltpeter Company," on the ground that there was no proof to support that cause of action, and when the court granted the motion, saying that "it did not think there was any evidence to support this count," the defendant had the right to suppose that all the evidence relating to the saltpeter company stock was out of the case. The learned judge, at the trial, concluding to send the case to the jury upon another claim made by the plaintiff, it so happened that the counsel for the plaintiff, in his address to the jury, sought to make use of the evidence relating to the saltpeter interest, to show a fraud in the defendant, cotemporaneous with an alleged fraudulent transfer of stock in the coal company, as bearing on the fact of fraud in the latter transaction. To this the defendant objected, and the objection was overruled. The defendant then offered to prove that, in the transfer of the saltpeter interest, he had committed no fraud, and had made no misrepresentations, and, generally, that the transaction was free from any objec-

tion.   This evidence was rejected, and the judge left it to the
jury to consider what effect on the question of fraud the
evidence, in respect to the saltpeter claim, had upon the alle-
gation of fraud in the transfer of the stock in the coal company,
and exceptions were duly taken by the defendant to all these
rulings.

I think the cause should be retried.   It is very obvious
that the defendant was misled, to some extent perhaps by
his own fault; but, in a proceeding so novel as this, such an
error should not be regarded as fatal to his rights.   It is
urged that the reception or rejection of the evidence offered
by the defendant, during the summing up of counsel to the
jury, rested in the discretion of the judge.   It indeed is, to a
large extent, such a question, but the discretion is not arbi-
trary but judicial.   An abuse of judicial discretion has always
been, and always ought to be, the subject of review in some
form.

An abuse of discretion, in a legal sense, does not by any
means imply that the judge committing it was actuated by
any improper motive.   It is quite likely to happen in the
hurry of a trial at circuit; and without careful consideration
a plain error of law may be committed, resulting to the pre-
judice of a party, which the judge committing the error
would, upon further reflection, be most happy to correct if he
could have the opportunity.   In such case I have no doubt
but that an appellate court may do justice.   In earlier times
it has been said that in such a case an exception would not
lie; that followed from the rigors of the common law upon
mere questions of form.   The remedy was said to be by
motion for new trial, and not by exception.   In our present
system I think the form of the remedy is quite immaterial;
and if injustice has been done, the proper remedy to redress
the wrong must, if possible, be applied by any court having
the power.   I think we may correct what seems to have been
a clear error of law.

But if apparently obsolete rules are to prevail as to prac-
tice and form, the error in this case may still be reached

without the violation of any established rule of law or practice. After having held that the saltpeter company claim was out of the case, and that there was no evidence to sustain fraud in that transaction, and dismissing the complaint in respect to it, I think it was plain error for the judge to say to the jury that they might still consider the evidence on that branch of the case, to see if there was any fraud in the transaction, and if they found any, it might be considered in connection with any supposed fraud in respect to the transfer of stock in the coal company. To this direction it is quite certain an exception will lie ; and that it was well taken in this case I have no doubt.

In any and every aspect of the case I think there should be a new trial.

All concur.

Judgment reversed.