Meyer, J.
(dissenting in part). Respectfully I dissent from so much of the majority opinion as holds that denial of the request by defendants Godbee and Cable that they be *285 granted a continuance to call a surrebuttal witness was not error. I would, therefore, grant a new trial in their case.[1]
At the conclusion of Dr. Hyland’s direct testimony, defendant Godbee’s attorney asked for a 10-minute recess, stating “This witness came in and testified what other doctors consistently denied.” When the recess was over and before the jury returned, the Trial Judge asked whether the attorney had an application. Told that there would be “no application at this time,” the Judge responded, “You propose to have an application for a continuance to allow you to bring in another expert witness, isn’t that it?”, and, receiving a positive response, rejoined, “Well I will tell you now that I deny it * * * I consider it cumulative. You have had ample opportunity. We are at the nth hour, that’s it.”
Upon completion of the cross-examination the jury was sent to lunch. At that point defendant Godbee’s attorney asked for “a continuance until tomorrow morning so that we can be in a position to secure other testimony.” Again the request was denied as “fruitless and cumulative in essence”. Counsel then moved for a mistrial, noting that the information about which the rebuttal witness might testify had not been disclosed to him prior to the witness being called and that the rebuttal testimony “was substantially different from that of all the other three experts”. He asked that “under the circumstances, we should be given an opportunity to”, only to be cut off in midsentence by the Judge’s interjection, “You propose to protract this indefinitely?” On return from luncheon recess counsel moved to strike Dr. Hyland’s testimony, pointing out that because he was “the first doctor, indeed, to testify as to ascertaining medically reasonably certain connection between the alleged incident, the cause of death, that his testimony was more properly elicited on direct examination.” That motion too was denied.
The original objection made clear that Dr. Hyland had testified to what the other doctors had consistently denied and thus went beyond the scope of proper rebuttal[2] and the *286 same point was made in relation to the motion for a mistrial and the motion to strike. It was, of course, within the Trial Judge’s discretion, under the last sentence of CPL 260.30 (subd 7), to permit the People “to offer evidence upon rebuttal which is not technically of a rebuttal nature but more properly a part of [their] original case.” But under the first sentence of that subdivision when the People offer evidence in rebuttal of the defense evidence, “the defendant may then offer evidence in rebuttal of the people’s rebuttal”.
True, as noted in the majority’s footnote 2, Godbee’s attorney’s request was for a continuance until the next morning “so that we can be in a position to secure other testimony”, but Dr. Hyland’s evidence being before the jury, counsel was not obligated to move to strike as improper rebuttal rather than seék a continuance in order to produce counter testimony. And it being clear that defense counsel had not been advised prior to Dr. Hyland’s appearance what he would testify about, they cannot be faulted for not having a witness immediately available and, therefore, requesting an overnight continuance instead of “the opportunity to present a particular witness in surrebuttal” (as the majority’s n 2 suggests) if, indeed, that was not what would have been said had counsel been permitted to complete his request that “under the circumstances, we should be given an opportunity to” (cf. People v De Jesus, 42 NY2d 519, 526).
In sum, even if the right given a defendant by the first sentence of CPL 260.30 (subd 7) to present surrebuttal testimony after prosecution rebuttal which goes beyond the proper scope of rebuttal be considered as a matter within the Trial Judge’s discretion, “if there is a flagrant abuse of this discretion, the wrong may be redressed upon appeal” (Richardson, Evidence [Prince, 10th ed], § 459, p 450). And since “Few rights are more fundamental than that Of an accused to present witnesses in his own defense” (Chambers v Mississippi, 410 US 284, 302) and “mere inconvenience is not sufficient ground for denying an adjournment when to do so would abridge a basic right” (People v Foy, 32 NY2d 473, 477), I have no hesitancy in concluding, particularly in light of the close and difficult *287 medical question presented to the jury and the prior equivocal medical testimony, that denial to defense counsel under the circumstances of this case of an overnight adjournment (a loss of about three hours court time) was, though not “actuated by any improper motive”, an “abuse of discretion, in a legal sense * * * [and] a plain error of law” (Meyer v Cullen, 54 NY 392, 397).
In Matter of Anthony M.: Order affirmed, without costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
In People v Cable and Godbee: Orders insofar as appealed from reversed, convictions and sentences for felony murder, second degree manslaughter and first degree robbery reinstated and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Simons concur with Judge Kaye; Judge Meyer dissents in part and votes to reverse and order a new trial as to both defendants in a separate opinion.

. Although before us only Godbee has briefed the point, defendant Cable’s attorney joined in the requests for continuance, for a mistrial, and to strike Dr. Hyland’s testimony. A new trial should, therefore, be had as to both defendants.

. The People’s reply brief concedes that “portions of Dr. Hyland’s testimony were more properly part of the People’s direct case”.