Wachtler, J.
On this appeal the primary issue is whether the trial court abused its discretion in denying the appellant’s request for an adjournment in order to secure the attendance of his alibi witnesses. Because of the special circumstances present in this case, we have concluded that the refusal to grant the requested adjournment requires that the conviction be reversed and a new trial granted.
Several days prior to the trial, defense counsel advised the prosecutor that he intended to produce alibi witnesses at the trial. On the first day of trial (Wednesday, Feb. 26,1969) counsel .delivered a short opening statement in which he informed the jury the defendant intended to rely solely on ‘ ‘ the best defense in the world. He wasn’t there * * * We expect to introduce testimony by people who will tell you that the defendant was in his apartment”. When the People finally rested on Friday morning (Feb. 28, 1969), defense counsel applied to the court for an adjournment so that he might secure the attendance of Martin Lopez, a friend of the defendant, and Mrs. Anna DeJesus, the superintendent of the building in which the defendant lived, both of whom had agreed to testify that the defendant was in his room at about the time the burglary was committed. Counsel informed the court that Mr. Lopez, a truck driver, had taken the previous day off and had appeared to testify. However when he was unable to do so he informed counsel that he could not afford to stay away from work another day, at which time the attorney issued a subpoena, which had not been honored. Counsel also advised the court that he had attempted to have Mrs. DeJesus served but had been unable to reach her.
The application was denied by the Trial Judge who noted that he had been assigned to preside in Staten Island on the following Monday, that he had advised counsel of this prior to the commencement of the trial and that counsel had informed him that the trial would be concluded in time for the court to assume the Staten Island assignment.
After this application was denied, the defendant presented his case which consisted solely of his testimony that on the afternoon of the crime he had been in his apartment with two friends. On cross-examination the prosecutor emphasized the weakness of the defense by asking the defendant: “Isn’t it a fact that *476 it was not until recently that you decided to name Lopez one of the witnesses? ”
Both sides rely exclusively on People v. Jackson (111 N. Y. 362) decided by this court in 1888. In that case we held that the following standards announced by Lord Mansfield in King v. D’Eon (1 W. Black. 510) were applicable to motions of this nature: “ 1 to put off a trial it must appear (1) that the witness is really material and appears to the court to be so; (2) that the party who applies has been guilty of no neglect; (3) that the witness can be had at the time to which the trial is deferred ’ ’ ’.
The People argue that the testimony of Mrs. Dejesus was not material to the alibi defense and that the defendant did not demonstrate a diligent effort to guarantee her presence on the day her testimony was needed. This argument has some merit. According to the defendant’s own testimony, Mrs. DeJesus did not come to his apartment until some time after the burglary had been committed. And apparently he made no serious effort to subpoena her until Thursday evening or early Friday morning and was unsuccessful despite the fact that she resided in the same apartment building as he did.
But there is no doubt that the testimony of Martin Lopez would have been material to the alibi issue since the defendant had testified that Lopez had been with him at the time the robbery was committed. The defendant’s efforts to insure his presence at the trial while unsubstantiated, were uncontested and there is no suggestion that defense counsel was being less than candid with the court. Whether Lopez could have been located and brought before the court within a reasonable time does not appear from the record, because the court refused to consider granting any adjournment which would interfere with the Staten Island assignment scheduled for Monday morning.
In Jackson (111 N. Y. 362, supra) we also indicated that a request of this nature is addressed to the discretion of the court, which is consistent with the general rule that the granting or denial of any adjournment by a Trial Judge is a matter of discretion. (People v. Oskroba, 305 N. Y. 113, 117; see, also, Cohen and Karger, Powers of the New York Courts of Appeals, § 151.) However recent decisions of this court reflect a more liberal policy in favor of granting a short adjournment — and thus more *477 narrowly construing the court’s discretionary power—when the delay is requested in order to insure a fundamental right.
The application of this principle is most readily apparent in those cases in which the defendant has sought an adjournment in order to obtain a transcript of pretrial testimony of prosecution witnesses. Our holding in People v. Ballott (20 N Y 2d 600, 604—605) is typical of the approach we have consistently followed in cases of this nature: ‘ ‘ The defendant desired a delay of but a week, solely for the purpose of raising the $50 needed to purchase the minutes of the first trial. He had a fundamental right to the testimony of the witnesses who were to testify against him and, surely, one who is attempting to pay for such testimony should be given every reasonable opportunity to do so. Under the circumstances, the court either should have adjourned the case or should have directed that the minutes be transcribed at public expense and furnished to the defendant. Its failure to do one or the other effectively prevented the defendant from exercising his right and was, therefore, an abuse of discretion.”
We have reached similar results where the defendant sought to obtain transcripts of a preliminary hearing (People v. Matz, 23 N Y 2d 196) or a pretrial suppression proceeding (People v. Sanders, 31 N Y 2d 463). The operation of this standard is also evident in cases where the defendant’s right to counsel is involved. (See People v. Snyder, 297 N. Y. 81.) And while these decisions recognize that the defendant does not have the “ right to delay his trial unreasonably regardless of reality” (People v. Brabson, 9 N Y 2d 173, 179; see, also, People v. Sanders, supra) they clearly hold that mere inconvenience is not sufficient ground for denying an adjournment when to do so would abridge a basic right. Thus in People v. Matz (supra), we found that the trial court had abused its discretion as a matter of law when the defendant’s request for a copy of the complainant’s testimony was denied because the attendant delay would interfere with the complainant’s scheduled vacation. On that occasion we stated: “ Certainly, under the circumstances of this case, the rights of the defendant to adequately prepare his defense should not be denied because of the convenience of a vacationing 15-year-old complainant and the proper exercise of the court’s power of subpoena would prevent an undue delay *478 after the transcript was produced.” (People v. Matz, supra, at p. 199.)
Although we have not previously considered the impact of these decisions on adjournments requested in order to secure the attendance of material witnesses, the rationale is clearly applicable. For as the United States Supreme Court has recently observed: “ Few rights are more fundamental than that of an accused to present witnesses in his own defense.” (Chambers v. Mississippi, 410 U. S. 284, 302).
This is not to suggest a mechanical rule requiring the court to grant an adjournment to allow the defendant to endlessly pursue an elusive witness whose name and address are unknown, and whose existence depends on rumor or surmise. (See, e.g., People v. Jackson, 111 N. Y. 362, supra.) Nor should the court be required to permit the prosecution, to lapse pending the return of a witness from a foreign jurisdiction, or a fugitive hide-a-way. (People v. Del Rio, 215 N. Y. S. 2d 369.)
But when the witness is identified to the court, and is to be found within the jurisdiction, a request for a short adjournment after a showing of some diligence and good faith should not be denied merely because of possible inconvenience to the court or others. This is especially true when, as in the case at bar, denial of the motion would not only deprive the defendant of the fundamental right to present witnesses in his defense, but would in fact effectively deprive him of the defense itself and cast doubt upon his credibility.
The order appealed from should be reversed.
Chief Judge Fuld and Judges Burke, Breitel, Jasen, Gabrielli and Jones concur.
Order reversed and a new trial ordered.