■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS M. LOWE, Appellant.—Mahoney, P. J. Appeals (1) from a judgment of the County Court of Broome County (Coutant, J.), rendered October 7, 1986, upon a verdict convicting defendant of the crime of attempted burglary in the second degree, and (2) by permission, from an order of said court (Monserrate, J.), entered July 9, 1987, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

Defendant was found guilty as charged of attempted burglary in the second degree for an incident on April 16, 1986 at an apartment on Main Street in the City of Binghamton, Broome County. He was sentenced as a second felony offender to 3½ to 7 years in prison and appeals from the judgment of conviction. He later moved to vacate the judgment pursuant to CPL article 440, alleging, *inter alia,* that he was denied effective assistance of counsel. County Court denied the motion and defendant, having been granted permission, appeals from the order entered thereon.

Defendant's contention that he was denied effective assistance of counsel is based primarily on his attorney's failure to subpoena an alleged alibi witness and to request an alibi charge to the jury. We have no sworn statement from this witness to substantiate her proposed testimony. Furthermore, defendant's attorney testified that the witness was "wishy-washy" and "nervous" and that he was concerned that the witness's testimony would not be favorable if she were forced to testify. It appears, then, that the decision not to subpoena the witness was a legitimate tactical decision. Without this witness, there was no basis for the alibi charge and no request was justified. Considering these factors and defense counsel's conduct as a whole, we find no deprivation of defendant's right to effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137). On a related issue, County Court did not err in failing to grant an adjournment to permit production of the witness since there was no adequate showing by defense counsel *(see, People v Foy,* 32 NY2d 473, 478), apparently because of his tactical decision not to call the witness.

We also conclude that defendant's indictment was not invalid because he was denied an opportunity to testify before the Grand Jury. Defendant's attorney testified that defendant's appearance before the Grand Jury was inadvisable

because defendant's criminal record would have been the subject of unfavorable questioning. This rationale justifies defendant's failure to appear before the Grand Jury. That this advice was not communicated to defendant prior to the Grand Jury's consideration of this matter is unfortunate but does not alter its reasonableness. In the absence of merit to defendant's other claims, we affirm.

Judgment and order affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.