■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO CALDERON, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Firetog, J.), both rendered July 24, 1990, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and criminal sale of a controlled substance in the third degree under Indictment No. 3412/89, upon a jury verdict, and criminal sale of a controlled substance in the third degree under Indictment No. 10049/89, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We find unavailing the defendant's contention that the trial court's refusal to give an expanded identification charge constituted reversible error. Such a charge is appropriate in cases where a defense of misidentification and alibi is presented, and where the identifying witness's accuracy, as well as his veracity, is called into question *(see, People v Daniels,* 88 AD2d 392; *People v Whalen,* 59 NY2d 273). Here, the defendant maintained throughout the trial that he had been *framed* by the police, not that he had been misidentified. Indeed, defense counsel commented during summation that this was not "a case of mistaken identity".

The trial court's denial of the defendant's motion for a continuance was a proper exercise of discretion *(see, People v Singleton,* 41 NY2d 402). In determining whether or not to grant a short adjournment for the purposes of allowing a party to procure a witness to testify, the trial court was guided by the requirements enunciated in *People v Foy* (32 NY2d 473): " ' "(1) that the witness is really material and appears to the court to be so; (2) that the party who applies has been guilty of no neglect; [and] (3) that the witness can be had at the time to which the trial is deferred" ' " *(People v Foy, supra,* at 476). The record fails to support the defendant's contention that the testimony of the absent undercover police officer would have been "really material" *(People v Foy, supra,* at 476). Indeed, defense counsel stated that she had no idea as to what this potential witness might testify to, which state-

ment strongly undermines her argument as to the "needfulness of the potential witnesses' testimony" *(People v Singleton, supra,* at 406). Moreover, the trial testimony of another undercover officer suggested that even had the absent officer been available to testify, he would not have been able to offer a description of the perpetrators, given the location of the police car in which he sat during the course of the so-called "buy and bust" operation. As the trial court suggested, it is likely that the absent officer's testimony would have been merely cumulative, which finding provided an additional justification for the court's ruling *(see, Matter of Anthony M.,* 63 NY2d 270, 284).

We find that the sentence was appropriate *(see, People v Suitte,* 90 AD2d 80). The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Bracken, J. P., Sullivan, Rosenblatt and Lawrence, JJ., concur.