■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL STELLA, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J., at plea and sentence), rendered June 26, 1991, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 2 to 6 years, unanimously modified, on the law and the facts, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.

In connection with a plea bargain, defendant was promised a sentence of 1 to 3 years on the conditions that he appear in court on the scheduled sentencing date and not get rearrested before that date. Defendant failed to appear in court on the scheduled sentencing date and a bench warrant was issued. Upon defendant's return on the bench warrant, the trial court noted that the attorney assigned to represent defendant at the plea proceedings had been relieved, and requested that an attorney then present in court, who was a member of the Article 18-B panel, stand up to represent defendant at sentencing.

When the trial court advised defendant's newly-appointed counsel that defendant's failure to appear on the scheduled sentencing date placed defendant in the position of facing withdrawal of the promised sentence of 1 to 3 years, with a possible sentence of 8-⅓ to 25 years, counsel registered his objection that he was not sufficiently familiar with the case so as to afford defendant his fundamental right to effective assistance of counsel.

In these circumstances, the trial court abused its discretion

in denying counsel's request for an adjournment of the sentencing *(see, People v Foy,* 32 NY2d 473, 476-477). It is clear from the record that counsel at sentencing had no meaningful knowledge of the case or of defendant's background that would enable him to make an effective presentation on the question of sentence *(see, People v Gonzalez,* 43 AD2d 914, 915). Although the prosecutor indicated familiarity with defendant's probation report, it is clear that defendant's counsel at sentencing had no opportunity to review the report so as to provide any meaningful input. As defendant argues, CPL 390.50 (2) anticipates a meaningful review by providing that, in the absence of a waiver, defense counsel must be provided with the presentence report at least one day prior to sentencing. We remand for resentencing, at which time defendant should be afforded an opportunity to be represented by counsel sufficiently familiar with the case and the defendant's background to make an effective presentation. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Asch, JJ.