■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOREL PAPO, Also Known as EFRAIM MOSES, Appellant. [731 NYS2d 357] —Judgment, Supreme Court, New York County (Antonio Brandveen, J., at suppression hearing; Bruce Allen, J., at nonjury trial and sentence), rendered March 5, 1998,

convicting defendant of criminal possession of a weapon in the third degree and criminal possession of marihuana, and sentencing him, as a second violent felony offender, to concurrent terms of five years and time served, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record (*see, People v Prochilo*, 41 NY2d 759, 761). The vehicle stop was based on a traffic violation and there was no evidence of pretextuality. In any event, the validity of a stop is determined on the basis of the objective circumstances and not the subjective intent of the police (*Whren v United States*, 517 US 806; *People v Robinson*, 271 AD2d 17, 24, *lv granted* 95 NY2d 968).

The hearing court properly exercised its discretion in denying defendant's mid-hearing request for a continuance in order to produce an article of defendant's clothing that was allegedly relevant to the suppression issue (*see, People v Foy*, 32 NY2d 473, 476). There had already been a continuance of the hearing at defendant's request and defendant had ample opportunity to produce the garment. Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.