■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNEIL JONES, Appellant. [789 NYS2d 476]—

Judgment, Supreme Court, New York County (Dora Irizarry, J., at plea; John Cataldo, J., at sentence), rendered July 14, 2003, convicting defendant, on his guilty plea, of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4 to 8 years, unanimously modified, on the law and the facts, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.

Defendant's plea agreement provided that the charges against him would be dismissed if he were not rearrested and met certain other conditions; if he violated the plea agreement, he would be sentenced as a second felony offender to a term of 4 to 8 years. After defendant was rearrested in violation of the plea agreement, he was produced for sentencing on a date when his attorney of record was ill. Defendant's substitute counsel, who stated that she was unfamiliar with the case, informed the court that the attorney of record was ill and requested an adjournment of the sentencing so that defendant could be represented by his attorney of record. Substitute counsel did not make any substantive arguments on defendant's behalf. Under these circumstances, notwithstanding that the sentence imposed otherwise appears to be appropriate, Supreme Court abused its discretion, and deprived defendant of effective assistance of counsel, by denying the request for an adjournment of sentencing until a date when counsel adequately prepared to provide meaningful input would be available (see People v Foy, 32 NY2d 473, 476-477 [1973]; People v Stella, 188 AD2d 318, 318-319 [1992]). Accordingly, we are compelled to vacate the sentence and to remand for a new sentencing hearing, at which defendant should be represented by an attorney familiar with his case. Concur—Saxe, J.P., Friedman, Sullivan, Nardelli and Williams, JJ.