■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSVALDO VASQUEZ, Appellant. [806 NYS2d 3]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered May 26, 2002, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 14 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of eight years, and otherwise affirmed.

Defendant's challenges to the sufficiency of the evidence are unpreserved and we decline to review them in the interest of justice (*People v Gray*, 86 NY2d 10 [1995]). Were we to review these claims, we would find that the verdict was based on legally sufficient evidence. When an undercover officer voluntarily gave defendant money, this was for the sole purpose of purchasing cocaine, although no sale took place. When the undercover officer demanded the return of the money, defendant resisted, but returned some of the money. At the moment the undercover officer demanded the return of the last $20 bill in defendant's possession, defendant used physical force against the officer and threatened to use a knife. By wrongfully withholding the last of the money despite a demand for its return, defendant committed larceny (*see* Penal Law § 155.05 [1]). By responding with violence immediately upon the detective's demand, defendant evinced his intent to overcome the detective's resistance to his

wrongful retention of the money immediately after the taking, which satisfied the requirements of Penal Law § 160.00 (1).

The court properly denied defendant's challenges for cause to three prospective jurors. Contrary to defendant's assertions, these panelists unambiguously stated that they would decide the case impartially and based on the evidence, and none of them displayed any bias in favor of police officers (see People v Arnold, 96 NY2d 358, 362-363 [2001]).

The court properly exercised its discretion in declining to grant defendant a midtrial adjournment for the purpose of preparing material witness orders for several uncooperative prospective defense witnesses (see Matter of Anthony M., 63 NY2d 270, 283-284 [1984]; People v Foy, 32 NY2d 473, 476 [1973]; People v Hunt, 235 AD2d 374 [1997]; see also People v Reid, 156 AD2d 488 [1989], lv denied 75 NY2d 923 [1990]). Defendant's constitutional argument is unpreserved (see People v Angelo, 88 NY2d 217, 222 [1996]; People v Gonzalez, 54 NY2d 729 [1981]; see also Smith v Duncan, 411 F3d 340, 348-349 [2d Cir 2005]; Brown v Miller, 2005 WL 1773683, *2-4, 2005 US Dist LEXIS 15026, *6-14 [SD NY, July 26, 2005]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it.

We find the sentence excessive to the extent indicated. Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.