THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETRA SIRINO, Appellant. [804 NYS2d 320]—

Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered February 19, 2004, convicting defendant, upon her plea of guilty, of attempted criminal possession of a

controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of 3 to 6 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of remanding the matter to Supreme Court for the purpose of permitting defendant to withdraw her guilty plea and instead plead guilty to a class D felony with a promised sentence of 2 to 4 years, and otherwise affirmed.

The court improvidently exercised its discretion when it refused to permit defendant to accept the People's plea offer. Defendant originally pleaded guilty to attempted criminal possession of a controlled substance in the third degree, a class C felony, with the understanding that the case would be dismissed if defendant complied with the plea conditions including successful completion of a drug program. Although defendant failed to complete the entire program and had to be returned on a bench warrant, the People nevertheless offered to permit her to plead guilty to a class D felony with a promised sentence of 2 to 4 years. Defendant did not immediately accept that offer because her attorney requested and obtained an adjournment, based on the fact that counsel had only recently become aware of the restoration of defendant's case to the calendar and was unprepared to proceed. On the adjourned date, the People's offer remained open but the court refused to permit her to accept it, and it sentenced her under the original plea. While the court had discretion to control its calendar (*see e.g. People v Coppez*, 93 NY2d 249, 252 [1999]), it should not have penalized defendant for her counsel's unpreparedness at the prior court appearance (*see People v Jones*, 15 AD3d 208 [2005]; *People v Stella*, 188 AD2d 318 [1992]). As the People concede, defendant should receive an opportunity to accept the People's offer. Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson JJ.