■ The People of the State of New York, Respondent, v Rajindran Susankar, Appellant. [824 NYS2d 28]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered December 1, 1999, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second and third degrees and reckless endangerment in the first degree, and sentencing him to an aggregate term of 26 years to life, modified, on the law and as a matter of discretion in the interest of justice, to the extent of vacating the sentences and remanding for resentencing, and otherwise affirmed.

Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find the challenged remarks generally constituted fair comment on the evidence made in response to defense arguments, which challenged

the credibility of the People's witnesses, and that the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

Notwithstanding defendant's contrary contention, the court appropriately exercised its discretion in admitting a photograph of the location of the fatal entrance wound, which was relevant to the trial issues of intent and cause of death (*see People v Pobliner*, 32 NY2d 356, 369-370 [1973], *cert denied* 416 US 905 [1974]). However, even were we to accept defendant's claim that the photograph was improvidently admitted, we would, in any event, find the error harmless because the evidence of defendant's guilt was overwhelming, given the incriminating testimony of six eyewitnesses.

Finally, we agree with defendant that the court improvidently exercised its discretion when it denied substitute counsel's request for a one-day adjournment of sentencing to allow trial counsel to appear. The court had conducted a postverdict competency hearing in which a new attorney represented defendant so that his trial attorney would be available as a witness, if necessary. When, after finding defendant competent, the court proceeded with sentencing, substitute counsel unsuccessfully complained that he was unprepared to represent defendant at sentencing, was not sufficiently familiar with the case, and had not spoken to defendant's family. We conclude that, given the circumstances in which substitute counsel found himself, it is reasonable to conclude that he could not have effectively represented defendant at sentencing (*see People v Jones*, 15 AD3d 208 [2005]). Although, in these circumstances, trial and substitute counsel should have made proper arrangements for one or the other to be ready to represent defendant at sentencing immediately upon conclusion of the hearing—and it would have been preferable had substitute counsel been more specific about his inability to proceed effectively or had expressed his reasons moments earlier—the requested single-day delay was unquestionably minimal and the court lacked reasonable grounds to deny it (*see People v Stella*, 188 AD2d 318 [1992]).

We believe that substitute counsel's statement that trial counsel was then unavailable, but would be available the very next morning to represent defendant at his sentencing, compels the reasonable interpretation that he was requesting a one-day adjournment. Our dissenting colleagues maintain that defendant's complaint on appeal—to wit, his challenge to the court's direction to proceed immediately—is unpreserved and unworthy

of review in the interest of justice because defendant did not specifically request an adjournment and belatedly objected to proceeding that day. We respectfully disagree. Although the underlying procedural issue was somewhat different, in *People v Mezon* (80 NY2d 155 [1992]) the Court of Appeals gave attorneys and trial judges general guidance about how to interpret the type of circumstances that often accompanies the issue of preservation, as we now face on this appeal. The Court said (80 NY2d at 160-161): "Once the trial court stated unequivocally that it would permit an oral motion, any further objection by the People would have been futile. The law does not require litigants to make repeated pointless protests after the court has made its position clear. Nor does the law require litigants who have unsuccessfully sought a ruling to boycott the remainder of the proceeding in order to avoid forfeiture of their claims. In this case, the People's conduct made it clear that they did not voluntarily intend to forgo their right to a written suppression motion. No further protest was required." (Citation omitted.)

We believe this language discourages a hypertechnical interpretation of circumstances where the words used by courts and lawyers, while inexact, are clear enough to convey the parties' obvious intentions. We also disagree with the notion that the record bespeaks gamesmanship when substitute counsel's entire and legitimate goal was to have someone with greater knowledge speak on defendant's behalf about sentencing (which in this case totaled 26 years to life) merely one day later. We thus choose to interpret what happened here as a preserved request. Concur—Buckley, P.J., Marlow and Catterson, JJ.

Sullivan and McGuire, JJ., concur in part and dissent in part in a memorandum by McGuire, J., as follows: I respectfully disagree with the majority's determination to vacate the sentences and remand for a new sentencing proceeding. In the first place, defendant never protested that the court should have granted a one-day adjournment so that trial counsel could be present. To be sure, hearing counsel voiced his objection to proceeding with sentencing in the absence of trial counsel and stated he had spoken that very day with trial counsel, who "indicated he would be available" the next morning "to be heard." But the fact remains that hearing counsel never asked for an adjournment.

Even assuming this protest should be construed as a request for a one-day adjournment, defendant's claim that the request should have been granted is not preserved in any event and should not be reviewed in the interest of justice. An objection, of course, must be timely (*see People v Albert*, 85 NY2d 851

[1995]). As discussed below, defendant's protest was untimely and was inexcusably so. Permitting him to press this claim on appeal encourages the gamesmanship and waste of public resources that preservation rules are designed to prevent (*see People v Dekle*, 56 NY2d 835 [1982]).

Unquestionably, defendant's objection was belated, coming as it did not only after the sentencing proceeding had commenced, but after the prosecutor had finished her presentation on sentencing. Moreover, before proceeding to sentencing the court stated on the record "since we have had the minutes for a long period of time and the sentencing has already been delayed several months I think we should proceed directly to sentencing." Defendant still did not object.

The tardiness of the eventual objection is all the more inexcusable given that the record makes clear that an earlier, off-the-record discussion occurred in which, at the very least, the subject of proceeding to sentencing was discussed. As the court stated to hearing counsel in response to his tardy objection, "and you were reminded about that conversation and you said okay." Although the record is equivocal with respect to precisely which conversation hearing counsel had been reminded about, the point is that counsel not only voiced no objection about proceeding to sentencing, he "said okay." For counsel to voice no objection until after hearing everything the prosecutor had to say about sentencing is inexplicable. Its timing (and, as discussed below, its content) suggests, moreover, that counsel did not take seriously his own objection. Even if counsel was not seeking to obtain an unwarranted advantage by waiting until after the prosecutor had concluded, counsel was wasting the court's time. As the trial court stated, moreover, on a previous date it had given notice to counsel of the possibility that sentencing would take place that day.

For all these reasons, the trial court stated it was "pretty astonished" to hear the objection. The majority does not take issue with anything stated by the trial court in this regard, yet nonetheless concludes that the record does not "bespeak[ ] gamesmanship." However counsel's conduct properly is characterized, it cannot be thought commendable and should not be countenanced. Although the majority states that it "choose[s] to interpret what happened here as a preserved request," it does not offer any explanation of how such an untimely objection can preserve a question of law for review.[1]

With its reference to "the circumstances in which substitute

---

1. The majority's suggestion that counsel's objection was late by a mere matter of "moments" is not defensible. The transcript of the prosecutor's

counsel found himself," the majority suggests that hearing counsel was something of a hapless victim. This suggestion is refuted by the record, and the majority's tendentious use of the phrase "substitute counsel" is also at odds with the record. Moreover, this suggestion is inconsistent with the majority's own recognition that "trial and substitute counsel should have made proper arrangements for one or the other to be ready to represent defendant at sentencing immediately upon conclusion of the hearing." In stating that "it would have been preferable had substitute counsel been more specific about his inability to proceed effectively," the majority seems to recognize the utterly conclusory character of counsel's claim. Nonetheless, the majority not only swallows this claim whole, it asserts, also without explanation, that it is "reasonable to conclude that he could not have effectively represented defendant at sentencing."

In any event, on this record, I would not conclude that defendant's right to counsel of his choice was violated. As the Supreme Court has recently stated, it has "recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar" (*United States v Gonzalez-Lopez*, 548 US —, — ,126 S Ct 2557, 2565-2566 [2006] [citation omitted]; *see also People v Arroyave*, 49 NY2d 264, 271 [1980] ["Although a defendant has the constitutionally guaranteed right to be defended by counsel of his own choosing, . . . a defendant may not employ such right as a means to delay judicial proceedings"]). Here, the court had good reasons to avoid further delays. Sentencing in this exceptionally serious case had already been delayed for more than six months. The reason for this protracted delay was the postverdict competency proceedings, which concluded with the court agreeing with the prosecution's witnesses that defendant's ostensible mental incapacity reflected malingering. Accordingly, even if counsel's objection implicitly sought a one-day adjournment, the court could only have been skeptical about defense requests entailing any additional delay. Moreover, the court stated without contradiction that on the date of the last proceeding hearing counsel advised the court that trial counsel was off the case and hearing counsel was going to represent de-

---

sentencing presentation runs some seven pages. However long it took for the prosecutor to make her presentation is not decisive in any event. The point is that no objection was voiced earlier, not when the trial court stated "we should proceed directly to sentencing" given the extensive delays that already had occurred, and not earlier still, during the off-the-record discussion. Indeed, on this record the only fair conclusion is that counsel not only failed to object, he actually said "okay" when the trial court discussed proceeding directly to sentencing.

fendant. Although the record is somewhat equivocal, it appears as well that hearing counsel also did not take issue with the court's statement that it had called and given counsel "several days notice" of the possibility that sentencing would take place on the next court date. The court, of course, "[o]bviously . . . must set its own calendar" (*People v Goss*, 87 NY2d 792, 797 [1996]).[2]

That hearing counsel stated at sentencing he was at a "disadvantage" because he was not trial counsel and asserted that he did not have anything prepared in mitigation is of no moment. These statements simply do not establish either that counsel did not have an adequate opportunity to prepare for sentencing or that he was ineffective. The vacuous generality of the statements also undermines defendant's claim. If some specific reason why trial counsel's presence was necessary had been given, the court undoubtedly would have considered it despite the prior and lengthy delays. Additionally, neither the extent of counsel's preparation nor the issue of whether defendant was prejudiced in any way by the absence of trial counsel can be determined on this record (*see People v Lopez*, 28 AD3d 234, 235 [2006], *lv denied* 7 NY3d 758 [2006]).

Finally, against the "unquestionably minimal" nature of the additional delay the majority believes the trial court should have accepted, the court was entitled to weigh in the balance something that busy trial courts unquestionably know: for some unexpected reason all parties might not be available the next day. In this regard, moreover, the trial court was entitled to be concerned that defendant—whose malingering already had caused more than six months of delay—might take advantage of the "minimal" delay and cause a longer delay. In sum, the majority does an injustice to the trial court with its assertion that the court "lacked reasonable grounds to deny" the ostensible request for a one-day delay. For good reasons, the court was "pretty astonished" at counsel's objection and the majority should explain why, by its lights, the trial court did not act reasonably.

I concur fully in the majority's conclusion that defendant's arguments for reversal of the judgment of conviction are without merit.

---

**2.** If defendant disputes the court's statements (i.e., that hearing counsel had advised the court that trial counsel was off the case and that the court had provided "several days notice"), defendant is free to seek to develop a record supporting his position by moving pursuant to CPL 440.20 to set aside the sentence.