■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED GRAY, Appellant. [855 NYS2d 115]—

Judgment, Supreme Court, Bronx County (Michael R. Sonberg, J.), rendered August 11, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly exercised its discretion in denying as untimely defense counsel's request, made during trial, to be relieved as counsel so that he could be a witness regarding the type of pants defendant wore at arraignment (*see People v Foy*, 32 NY2d 473, 476-478 [1973]). By way of discovery provided four months before trial, and by way of a suppression hearing conducted two weeks before trial, counsel was made aware that the undercover and arresting officers would be testifying that defendant wore blue sweat pants at the time of the drug sale and arrest. After the jury was sworn, counsel announced for the first time that he wished to be relieved in order to testify that his client wore blue jeans, rather than blue sweat pants, at arraignment. Counsel neither stated, nor even suggested, that a new attorney, unfamiliar with the case, would be able to take over the trial in progress. Thus, as a practical matter, granting the application would have necessitated a mistrial. Furthermore,

the proposed testimony had little probative value because the clothing discrepancy could either be explained by the possibility that defendant exchanged pants with another detainee during the lengthy period of prearraignment custody, or as a trivial mistake by the officers having little bearing on their credibility. Similarly, the court's ruling did not deprive defendant of his right to a fair trial and to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]). Defendant would have been able to introduce the evidence in question had the issue been raised in a timely fashion, and the evidence had minimal exculpatory value in any event. Concur—Gonzalez, J.P., Nardelli, Buckley and Catterson, JJ.