THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARKEL C., Appellant. [890 NYS2d 342]—

Following the defendant's plea of guilty, but before his sentencing, the defendant was assigned new counsel. At the sentencing proceeding, a question was raised as to whether the defendant should receive an enhanced sentence based upon his

alleged violation of a condition of his plea agreement. The defendant's new counsel requested an adjournment so that he could obtain a copy of the plea minutes, since he had not represented the defendant at the plea. The Supreme Court denied the application and thereafter determined that the defendant had violated a condition of the plea agreement. Accordingly, the court imposed an enhanced sentence, apparently without defense counsel having received an opportunity to review the plea minutes. We vacate the sentence and remit for resentencing.

While the decision of whether to grant or deny an adjournment is ordinarily committed to the sound discretion of the court to which the application for the adjournment is made (*see People v Singleton*, 41 NY2d 402, 405 [1977]), the Supreme Court improvidently exercised that discretion in this case by denying the requested adjournment (*see generally People v Spears*, 64 NY2d 698, 700 [1984]). Under the circumstances presented, the defendant's counsel should have been afforded an opportunity to familiarize himself with the details of the plea agreement prior to the imposition of sentence. Accordingly, resentencing is warranted.

In view of the foregoing, we do not reach the parties' remaining contentions. Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.