# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**199**

**KA 10-00554**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TREVOR J. LACROCE, DEFENDANT-APPELLANT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (AARON D. CARR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 1, 2010. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [3]), defendant contends that he was denied effective assistance of counsel. To the extent that defendant's contention survives his guilty plea (*see People v Bethune*, 21 AD3d 1316, *lv denied* 6 NY3d 752), we conclude that it is without merit. "Defense counsel negotiated 'an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Gross*, 50 AD3d 1577, quoting *People v Ford*, 86 NY2d 397, 404).

Defendant further contends that County Court abused its discretion in failing to adjourn sentencing to enable him to appear with the assistant public defender who represented him during the plea and pre-plea proceedings (hereafter, plea counsel), and instead to require him to appear at sentencing with an assistant public defender who was available at that time (hereafter, substitute counsel). We reject that contention. It is well established that "[t]he granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*People v Diggins*, 11 NY3d 518, 524; *see People v Elliott*, 62 AD3d 1098, 1099, *lv denied* 12 NY3d 924), and we perceive no abuse of discretion here. After the People articulated their understanding of the negotiated sentence, substitute counsel informed the court that defendant had indicated that he was not satisfied with her representation, and he requested the presence of plea counsel. Upon further inquiry by the court, defendant said that he wished to ask plea counsel certain questions, namely, whether he

would be allowed to pay the mandatory fees and surcharges after his release from prison and in what manner he could obtain copies of the transcripts from his various court appearances.  In response to defendant's questions, substitute counsel requested that the surcharge and the fees be deferred until defendant's release from prison, and the court explained to defendant that his assigned appellate counsel would obtain the transcripts for purposes of an appeal.  Thus, the record reflects that the court and substitute counsel adequately addressed defendant's concerns, and there is no indication that defendant was not satisfied with those responses or that he still wished to speak with plea counsel prior to sentencing.  Furthermore, there is no indication in the record that substitute counsel "failed to handle the matter in a competent and professional manner" (*People v Rodriguez*, 126 AD2d 580, 581, *lv denied* 69 NY2d 954), or that she was not "sufficiently familiar with the case and defendant's background to provide meaningful representation" (*People v Michael A.M.*, 299 AD2d 931, 932; *cf. People v Susankar*, 34 AD3d 201, 202, *lv denied* 8 NY3d 849; *People v Jones*, 15 AD3d 208, 209).  Indeed, the record reflects that defendant was sentenced in accordance with the plea agreement negotiated by plea counsel (*see generally Rodriguez*, 126 AD2d at 581; *People v Sprow*, 104 AD2d 1056, 1057; *cf. People v Darkel C.*, 68 AD3d 1129).  Finally, the sentence is not unduly harsh or severe.

Entered:  April 1, 2011                     Patricia L. Morgan
                                            Clerk of the Court