■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ACOSTA, Appellant. [20 NYS3d 358]—

Judgment, Supreme Court, New York County (Larry Stephen, J.), rendered July 10, 2014, convicting defendant, upon his plea of guilty, of aggravated family offense and assault in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years and time served, respectively, unanimously modified, on the law, to the extent of remanding for resentencing, and further modified, as a matter of discretion in the interest of justice, to the extent of remanding for a new determination of the duration of the orders of protection, and otherwise affirmed.

At sentencing, defense counsel represented to the court that he had just been retained and received his client's file the day before. As a result, he asked for an adjournment of approximately 19 days, which would be after defendant's court date in a related misdemeanor case and would also allow him to prepare a sentencing memorandum for the court. Without commenting on defense counsel's request, the court proceeded with sentencing forthwith, which involved an enhanced sentence for violating a plea agreement. Under these circumstances, the court abused its discretion and implicated defendant's right to effective assistance of counsel by denying defense counsel's request for an adjournment of sentencing (*see People v Foy*, 32 NY2d 473, 477 [1973]; *People v Jones*, 15 AD3d 208, 209 [1st Dept 2005]).

The record fails to reflect that defendant's waiver of his right to appeal was knowing, intelligent, and voluntary. Notwithstanding the exemplary written form clarifying that this waiver was distinct from other waivers and does not automatically result from a guilty plea, the court's colloquy with defendant, who merely confirmed his understanding that the waiver of the right to appeal was "separate" from his other waivers, failed to establish that defendant had actually signed the written form and was aware of its contents (*see People v Elmer*, 19 NY3d 501, 510 [2012]; *People v Oquendo*, 105 AD3d 447, 448 [1st Dept 2013], *lv denied* 21 NY3d 1007 [2013]). Nevertheless, in light of the fact that we are remanding for resentencing, we take no position as to whether the sentence was excessive.

As the People concede, the court failed to pronounce the sentence imposed on the assault conviction, as required by CPL 380.20, and failed to take jail time credit into account in calculating the expiration date of the orders of protection, which were based on the maximum expiration date of the sentence imposed on the aggravated family offense conviction (*see* CPL 530.12 [5] [A] [ii]). Concur—Tom, J.P., Andrias, Moskowitz and Kapnick, JJ.