The People of the State of New York, Respondent,
against
Michael Kuney, Appellant.




John Savoca, for appellant.
Westchester County District Attorney (Laurie Sapakoff of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Cortlandt, Westchester County (Daniel F. McCarthy, J.), rendered March 18, 2016. The judgment convicted defendant, after a nonjury trial, of harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, following a nonjury trial, defendant was convicted of harassment in the second degree (Penal Law § 240.26 [1]). On appeal, defendant contends, among other things, in effect, that the evidence was legally insufficient; that the verdict was against the weight of the evidence; that the Justice Court improperly denied his request for an adjournment; that he received the ineffective assistance of counsel; that, as a matter of discretion and in the interest of justice, this court should find that his constitutional right to a speedy trial has been violated; and that the Justice Court's bias against him deprived him of a fair trial.
To the extent defendant contends that the evidence was legally insufficient to establish his guilt of harassment in the second degree beyond a reasonable doubt, this contention is unpreserved for appellate review since he failed to raise it in the Justice Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). In any event, defendant's contention lacks merit.
Penal Law § 240.26 (1) provides that a person is guilty of harassment in the second degree "when, with intent to harass, annoy or alarm another person: 1. He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same." At trial, a hospital employee testified that she had seen defendant, who had been lying on his right side on a stretcher, in the emergency room, turn over and hit a nurse who had been [*2]attending to him, in the neck with his right hand, causing the nurse to be thrown against the wall. This witness's testimony was consistent with the testimony of the nurse in question, who added that defendant had pushed his hand into her neck with such force that it had caused her to be thrown against the wall. The nurse also testified that defendant's actions had shocked, alarmed and upset her. 
Defendant argues that the People failed to establish his "intent" because the testimonies of the witnesses were vastly different, and because the medical, ambulance and paramedic records entered into evidence stated that defendant had an "altered mental" state, he was "delirious,"[FN1]
and that a nurse had "anticipated his discharge to the psychiatric unit." We find no merit to this contention. Although the medical records further indicate that a psychiatrist examined defendant the day after the incident, defendant was never admitted into the psychiatric unit. In addition, since he did not provide explanatory testimony, or other evidence, regarding the meaning and ramifications of a description of defendant as having an "altered mental" state, defendant failed to show that he had psychiatric issues which had affected his ability to act with intent. 

We further find that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]) and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), was otherwise legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of harassment in the second degree. Furthermore, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).

Defendant's contention that the Justice Court improperly denied his trial attorney's request for an adjournment so that he could present expert medical testimony is unpreserved for appellate review (see People v Newton, 149 AD3d 874 [2017]). In any event, we find that the Justice Court did not improvidently exercise its discretion in denying defense counsel's request. The record contains no information regarding what topics the expert testimony would address, and there in no indication that the testimony would not have been cumulative to any of the medical, ambulance, or paramedic records that had been entered into evidence (see People v Foy, 32 NY2d 473, 476-477 [1973]; People v Jackson, 41 AD3d 498, 498-499 [2007] [although there is no "mechanical rule" to be followed in order to determine whether an adjournment should have been granted, one "consideration is whether the witnesses's testimony would have been cumulative"]). Also, the record failed to indicate when any expert witness would have been available (see People v Foy, 32 NY2d at 477). We note that the Justice Court's comments regarding the cost involved in procuring expert medical testimony do not indicate that the court was biased against defendant and did not deprive defendant of a fair trial.

Defendant's contention that he received the ineffective assistance of counsel because his [*3]trial attorney failed to move to dismiss the accusatory instrument on the ground that his statutory right to a speedy trial had been violated has no merit. Since the highest charge contained in the information was a class A misdemeanor, the People were required to announce their readiness for trial within 90 days of the commencement of the action (see CPL 30.30 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). A review of the record indicates that less than 90 days of delay were chargeable to the People, and an attorney's "failure to 'make a motion or argument that has little or no chance of success' does not amount to ineffective assistance" (People v Johnson, 94 AD3d 1563, 1564 [2012], quoting People v Caban, 5 NY3d 143, 152 [2005]; see also People v Stultz, 2 NY3d 277, 287 [2004]). Defendant's contention that he received the ineffective assistance of counsel due to, among other things, his trial attorney's failure to interview a psychiatrist prior to trial involves matters dehors the record and, therefore, is not reviewable on direct appeal (see People v Ali, 55 AD3d 919 [2008]; People v Drago, 50 AD3d 920 [2008]). Insofar as the ineffective assistance of counsel contention is reviewable, we find that defendant's attorney provided defendant with meaningful representation in accordance with the federal and New York State standards (see US Const Amend VI;NY Const, art I, § 6; Strickland v Washington, 466 US 668 [1984]; People v Caban, 5 NY3d at 155-156; People v Benevento, 91 NY2d 708, 713 [1998]).

Defendant's contention that he was denied his constitutional right to a speedy trial, raised for the first time on appeal, is unpreserved for appellate review (see People v Jordan, 62 NY2d 825, 826 [1984]; People v Cedeno, 52 NY2d 847, 848 [1981]; People v Worthy, 138 AD3d 1042, 1043 [2016]; People v Hahn, 57 Misc 3d 147[A], 2017 NY Slip Op 51486[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]), and we decline to consider it as a matter of discretion in the interest of justice. Defendant's remaining contentions lack merit.

Accordingly, the judgment of conviction is affirmed.

BRANDS, J.P., MARANO and RUDERMAN, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: June 28, 2018



Footnotes

Footnote 1: It is noted that the medical records defendant annexed to his appellant's brief as Exhibit 4, which stated that he was "delirious," are dehors the record on appeal.