People v White (2019 NY Slip Op 08481)





People v White


2019 NY Slip Op 08481


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Richter, J.P., Manzanet-Daniels, Gische, Webber, Kern, JJ.


4139/12 10394

[*1]10394A The People of the State of New York, Respondent,
v
Ajamu White, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Ajamu White, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Sonberg, J.), rendered November 25, 2013, as amended December 12, 2013, convicting defendant, after a jury trial, of robbery in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), grand larceny in the second degree, criminal possession of stolen property in the third degree and criminal impersonation in the first and second degrees, and sentencing him, as a second violent felony offender, to an aggregate term of 27 years, and order, same court and Justice, entered on or about September 26, 2017, which denied defendant's CPL 440.10 motion to vacate the judgment of conviction, unanimously affirmed.
The record, as expanded by way of the CPL 440.10 motion, establishes that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713—714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. Regardless of whether counsel should have sought to call an identification expert and taken the other actions set forth by defendant in his present argument, there is no reasonable possibility that counsel could have overcome the overwhelming evidence of guilt. In addition to identification testimony, the People introduced various forms of physical evidence linking defendant to the crime, as well as statements evincing consciousness of guilt that defendant made to the police and in recorded phone calls. Furthermore, defendant testified and gave unbelievable explanations for his connections to the physical evidence. Independent of the identification testimony, the additional evidence and the circumstantial inferences that could be drawn therefrom provided compelling proof of defendant's guilt.
The court providently exercised its discretion when it denied defendant's request for a midtrial continuance to subpoena certain witnesses (see Matter of Anthony M., 63 NY2d 270, 283-284 [1984]; People v Foy, 32 NY2d 473, 476 [1973]). Neither witness had personal knowledge of the relevant facts or had any material testimony to provide. Defendant did not preserve his claims that he was constitutionally entitled to the continuance (see People v Lane, 7 NY3d 888, 889 [2006]; see also Smith v Duncan, 411 F3d 340, 348-349 [2d Cir 2005]), or that a declaration by one of these witnesses was admissible under one or more exceptions to the hearsay rule, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. In any event, any error was harmless under the standards for both constitutional and nonconstitutional error.
Defendant's challenge to the admission of phone calls recorded during his pretrial [*2]detention is unavailing (see People v Diaz, 33 NY3d 92 [2019]).
We perceive no basis for reducing the sentence.
We have considered and rejected defendant's remaining
arguments, including those contained in his pro se supplemental brief.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK