People v Sneed (2025 NY Slip Op 03026)

People v Sneed

2025 NY Slip Op 03026

Decided on May 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025

Before: Renwick, P.J., Kennedy, Kapnick, Shulman, JJ. 

Ind. No. 2073/17|Appeal No. 14269|Case No. 2019-3586|

[*1]The People of the State of New York, Respondent,
v
Jamir Sneed, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Naila S. Siddiqui of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

Appeal from judgment, Supreme Court, New York County (Gregory Carro, J.), rendered December 6, 2017, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree, and sentencing him to a period of five years' probation, held in abeyance and the matter remanded, once again, in accordance with our decision herein.
The prior appeal in this case involved Supreme Court's summary denial of defendant's suppression motion without a hearing upon a finding that defendant averred conclusory allegations in support of the motion to suppress. On September 28, 2021, this Court held that defendant was entitled to a hearing on the factual issue of whether the store security guard involved in his detention was licensed to exercise police powers or acted as an agent of the police (People v Sneed, 199 AD3d 90 [1st Dept 2021]). We found that defendant's allegations, although conclusory, were sufficient because at the time of his initial suppression motion, defendant did not have access to any information that could have aided him in further investigating the security guard's licensing status (id.). The information provided in the felony complaint and the voluntary disclosure form provided only the date, time and location of the incident leading to the charges. In our view, the documents did not provide any specific identifying information about the guard to enable defendant to subpoena records that would enable him to ascertain the security guard's status. Thus, we remanded the matter for a state action hearing, "on the factual issue of whether or not the store security guard involved in his detention was licensed to exercise police powers, or acting as an agent of the police" (id. at 91).
Shortly after the remand, a state action hearing was held on December 14, 2021. On the eve of the hearing, the People announced that they planned to call one witness, Rosemary Mendez, who was the lead prevention investigator at Bergdorf Goodman's (Bergdorf) store at the time of defendant's detention for the alleged theft. Before the hearing began, defense counsel sought an adjournment because she had only learned the identity of the purported witness that morning. The basis of the adjournment was to subpoena materials from Bergdorf, such as store polices and employment records, relevant to the issue of whether the testifying witness was a state actor at the time of defendant's detention.
In this appeal, we find that the court improvidently exercised its discretion in denying defense counsel a short adjournment. In denying the requested adjournment, the court found that defendant "could have done that [subpoena Bergdorf's records] a long time ago, maybe even when this appeal was being perfected." On this appeal, the People make a similar argument that the court did not improvidently exercise its discretion in denying the adjournment because defense counsel could have subpoenaed the materials during the pendency of this appeal. The problem with these arguments [*2]is that this Court had already recognized that, without information about the identity of the officers involved in defendant's arrest, defense counsel was not in a position to meaningfully subpoena records from Bergdorf (see Sneed, 199 AD3d at 92).
Contrary to the court's suggestion, this is not the situation where defense counsel failed to exercise due diligence. In fact, as we held, without knowing the names of the store security guards involved in defendant's detention, defendant was in no better position to subpoena the employer material than when he filed his initial motion. Thus, it was only upon learning the identity of one member of the security team that the defense could meaningfully begin to investigate whether the security guards were state actors.
While the grant or denial of an adjournment by a trial judge is a matter of discretion, an adjournment should be granted if necessary "to insure a fundamental right" (People v Foy, 32 NY2d 473, 477 [1973]). Here, defendant's right to adequately prepare for the hearing should not have been denied merely because of possible inconvenience to the court or others. Under the circumstances, the court improvidently exercised its discretion and "implicated defendant's right to effective assistance of counsel" when it denied defense counsel a short adjournment to fully prepare for the state action hearing by subpoenaing Bergdorf's records regarding the purported witness (People v Acosta, 133 AD3d 506, 507 [1st Dept 2015]; see Foy, 32 NY2d at 477; People v Jones, 15 AD3d 208, 209 [1st Dept 2005]).
Accordingly, we are compelled to remand for a new hearing, which should be conducted after defense counsel is given an opportunity to subpoena the pertinent Bergdorf records.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2025