■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO MOUTINHO, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Naro, J.), rendered February 21, 1986, convicting him of criminal possession of a controlled substance in the third degree under indictment No. 1765/85, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered February 21, 1986, revoking a sentence of probation previously imposed by the same court (Sherman, J.), upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous convictions of robbery in the third degree and criminal possession of stolen property in the third degree under indictment No. 1042/83.

Ordered that the judgment and amended judgment are affirmed.

The defendant contends that the court committed reversible error in declining to grant his request for an adjournment in order to permit him additional time to locate a witness whose plea allocution allegedly exculpated the defendant. We disagree.

It is well settled "that requests for adjournments are addressed to the court's sound discretion" *(see, People v Africk,* 107 AD2d 700, 702; *People v Spears,* 64 NY2d 698; *People v Singleton,* 41 NY2d 402, 405; *People v Foy,* 32 NY2d 473, 476). Moreover, "[a]s a general matter of policy, requests for brief adjournments to secure witnesses should be granted where the witness is identified, is within the court's jurisdiction and there is a showing of some diligence and good faith" *(People v Brown,* 78 AD2d 861).

The record reveals that when the witness—who was served with a subpoena on Monday—failed to appear on Tuesday, defense counsel delayed until Thursday afternoon to request that the court grant him a one-week adjournment to locate the witness. Moreover, in requesting the adjournment, defense counsel made it clear that he intended to spend the major part of the week on a previously scheduled vacation. It does

not appear, on the record before us, that the adjournment requested would have enabled the defense counsel to locate the witness. Indeed, between Tuesday and Thursday the defendant, defense counsel and the defendant's wife made a number of attempts to locate the witness, both at his home and the locations he customarily frequented, with no success. Further, the court had previously granted defense counsel one brief adjournment in attempting to secure the witness's testimony and assisted the defendant by ascertaining through its computer that the witness had been released from prison.

Under the circumstances presented at bar, we conclude that the trial court did not improvidently exercise its discretion in declining to grant the adjournment.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or lacking in merit. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.