■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC RICHARDSON, Appellant. [663 NYS2d 91] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered July 7, 1995, convicting him of burglary in the third degree, criminal mischief in the fourth degree, possession of burglar's tools, and attempted petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not deprived of his right to be present at a material stage of the trial when his attorney, the prosecutor, and the Judge's law secretary had a discussion in the defendant's absence. The discussion included a review of the defendant's criminal history, negotiations as to a possible plea of guilty, and a proposal that if the defendant testified, the prosecutor could ask him about one felony and 22 misdemeanor convictions, but not the underlying facts of those convictions. Further, the prosecutor agreed not to ask about another felony conviction which was remote in time. The proposal was necessarily tentative in that it was subject to the court's approval. Thereafter, in the defendant's presence, the court heard the parties, approved the proposal, and, consistent with it, ruled that the prosecutor could examine the defendant as to the one felony and 22 misdemeanor convictions, but not the underlying facts of those convictions or anything regarding the remote felony conviction.

On appeal, the defendant claims that he was denied his right to participate in the *Sandoval* determination. It is well established that the mere recitation of the court's *Sandoval* decision in the defendant's presence is insufficient to comply with

the *Sandoval* rule since the defendant is denied the opportunity for meaningful participation (*see, People v Monclavo*, 87 NY2d 1029, 1031; *People v Favor*, 82 NY2d 254, 264). However, in this case, the preliminary conference was not a material stage of the defendant's trial. The Judge was not present, the negotiations were between the attorneys, and the proposals were neither final nor controlling on the court. In the defendant's presence the court addressed the matter, recited the terms of the proposed agreement, and adopted it as its determination. Only then did it gain viability or determinative force. Under these circumstances the defendant was clearly afforded the opportunity for meaningful input and participation in the *Sandoval* determination (*see, e.g., People v Page*, 240 AD2d 765).

The defendant also contends that the People failed to establish a prima facie case of burglary for his conduct in entering the garage of an apartment complex, and breaking into a car belonging to one of the tenants, since the unlawful entry element of burglary in the third degree was not established. However, the defendant's statement to the police that he lived at an address which was not in the apartment complex, together with the testimony of the security guard that parking in the garage was restricted to tenants and employees of the apartment complex, is legally sufficient to establish that the defendant had unlawfully entered the garage. Bracken, J. P., Rosenblatt, Goldstein and Luciano, JJ., concur.