■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN L. HIGHTOWER, Appellant. [731 NYS2d 125] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). Defendant contends that the verdict is repugnant because he was acquitted of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). We disagree. The two counts of criminal possession of a controlled substance arose from the execution of a search warrant at 12 Costello Court in Syracuse. A police officer testified that defendant was in a bedroom on the second floor when the warrant was executed. When the officer grabbed defendant

by the arm in order to handcuff him, he observed a plastic bag, later determined to contain 3.99 grams of cocaine, fall from defendant's waistband. After defendant was handcuffed and was placed on the floor, the officer observed defendant reaching inside his pants. Defendant then rolled over and, with his back to a television stand, made a motion with his hands. After defendant rolled back to his original location on the floor, the officer observed a second plastic bag, later determined to contain 1.47 grams of cocaine, on the television stand.

Defendant was indicted for one count of criminal possession of a controlled substance in the fourth degree, which requires possession of a substance containing a narcotic drug and "of an aggregate weight of one-eighth ounce [3.54 grams] or more" (Penal Law § 220.09 [1]), and one count of criminal possession of a controlled substance in the seventh degree, which has no weight requirement. Considering the manner in which the jury was charged, without objection by defendant, we conclude that the acquittal of criminal possession in the seventh degree did not negate an essential element of criminal possession of a controlled substance in the fourth degree (*see, People v Stovall,* 273 AD2d 915, *lv denied* 95 NY2d 908; *see generally, People v Tucker,* 55 NY2d 1, 7-8, *rearg denied* 55 NY2d 1039). The bag of cocaine that fell from defendant's waistband was of a sufficient weight to support the conviction of criminal possession of a controlled substance in the fourth degree and, in acquitting defendant of the remaining count, the jury found that the People failed to prove beyond a reasonable doubt that defendant physically possessed the bag that was found on the television stand.

By stipulating to County Court's amended charge on the definition of possession, defendant waived his present contention that the amended charge was insufficient to eliminate the prejudice resulting from the court's original erroneous charge (*see,* CPL 470.05 [2]). In any event, we conclude that the amended charge provided the jury with an appropriate definition of possession (*see, People v Paro,* 283 AD2d 669; *cf., People v Harrison,* 85 NY2d 891, 894).

Defendant further contends that he was denied his right to be present during voir dire because his attorney approached the bench without defendant to exercise peremptory challenges. That contention lacks merit where, as here, "[defendant's] attorney was only performing the ministerial task of exercising the peremptory challenges to which defendant had agreed" (*People v Haywood,* 280 AD2d 282). Nor was defendant denied his right to be present during a *Sandoval* conference. The rec-

ord establishes that no *Sandoval* conference took place; the prosecutor and defense counsel entered into a stipulation on the *Sandoval* issue and the stipulation was placed upon the record in defendant's presence without objection or comment from defendant (*see, People v Richardson,* 243 AD2d 515, 515-516, *lv denied* 91 NY2d 878). The prosecutor's summation was not so egregious as to deny defendant a fair trial (*see, People v Dombrowski,* 163 AD2d 873, 875).

The verdict is not against the weight of the evidence. The testimony of the officer who handcuffed defendant establishes the elements of the crime of which defendant was convicted and, although there were inconsistencies between the testimony of that officer and that of other officers, we cannot conclude that the jury failed to give the evidence that weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495). In light of defendant's history of drug related convictions, the imposition of the maximum sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Fahey, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.