■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QASIM CHARDON, Appellant. [922 NYS2d 127]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered January 10, 2006, convicting him of assault in the first degree and gang assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by vacating the conviction of assault in the first degree under count three of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's motion which was to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial (*see* CPL 30.30). A motion to dismiss an indictment pursuant to CPL 30.30 (1) (a) must be granted where the People are not ready for trial within six months of the commencement of a felony criminal action (*see* CPL 30.30 [1] [a]; 210.20 [1] [g]). Once the accused has established the existence of a delay exceeding six months, the burden is upon the prosecution to prove that certain periods of time should be excluded in computing the time within which the People must be ready for trial (*see* CPL 30.30 [4]; *People v Meyers*, 114 AD2d 861, 862 [1985]). Among the periods of time that are excludable upon sufficient proof are "periods of delay occasioned by exceptional circumstances" (CPL 30.30 [4] [g]; *see People v Figaro*, 245 AD2d 300 [1997]).

The Supreme Court determined that the People were

chargeable with 154 days, which was less than the 184 days permitted. The criminal action was commenced on July 8, 2004, with the filing of an indictment, and the People announced their readiness for trial on August 23, 2005. The time between July 13, 2004, and July 20, 2004, was excludable as a reasonable delay resulting from pretrial motions (*see* CPL 30.30 [4] [a]; *People v Wells*, 16 AD3d 174 [2005]; *People v Ailes*, 268 AD2d 370 [2000]). The defendant does not challenge the Supreme Court's determination that the period of time between August 3, 2004, and January 31, 2005, was excludable. Although the Supreme Court concluded that the People should be charged with the entire period of time between January 31, 2005, and June 8, 2005, the People established that the period of time between January 31, 2005, and April 13, 2005, and a subsequent period between June 8, 2005, and July 7, 2005, were attributable to exceptional circumstances and, therefore, excludable pursuant to CPL 30.30 (4) (g), since the complainant was deployed for military service in Korea (*see People v Williams*, 293 AD2d 557, 557-558 [2002]; *People v Grady*, 111 AD2d 932 [1985]). Finally, the People established that the period of time between July 21, 2005, and August 23, 2005, was excludable based on their diligent efforts to make the complainant available (*see People v Zirpola*, 57 NY2d 706, 708 [1982]; *People v Washington*, 43 NY2d 772, 774 [1977]). In light of the foregoing, the defendant was not entitled to dismissal of the indictment on statutory speedy trial grounds because the delay attributable to the People did not exceed the statutory time limit (*see People v Lindsey*, 52 AD3d 527, 530 [2008]).

The Supreme Court erred in denying the defendant's request for a missing witness charge. The defendant made a prima facie showing that the witness, a police officer who spoke to the complainant shortly after the incident, could be expected to have knowledge about a material issue and to testify favorably to the People (*see People v Smith*, 71 AD3d 1174, 1175 [2010]; *People v Jefferson*, 281 AD2d 433, 434 [2001]), and the People, in opposition, failed "to account for the witness' absence or otherwise demonstrate that the charge would not be appropriate" (*People v Gonzalez*, 68 NY2d 424, 428 [1986]; *see People v O'Hara*, 253 AD2d 560, 561 [1998], *affd* 96 NY2d 378 [2001]). However, since there is no significant probability that the error might have contributed to the defendant's conviction of gang assault in the second degree, and in light of the overwhelming evidence of the defendant's guilt with respect to that count, the error was harmless (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Brown*, 75 AD3d 515, 516 [2010]).

The defendant failed to preserve for appellate review his chal-

lenges to certain remarks made by the prosecutor during summation, as defense counsel either did not object to them, or raised only a general objection (*see* CPL 470.05 [2]; *People v Salnave*, 41 AD3d 872, 874 [2007]). In any event, the challenged remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom, permissible rhetorical comment, or responsive to defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Ariza*, 77 AD3d 844, 846 [2010]; *People v Torres*, 72 AD3d 709 [2010]).

The defendant's contention that the persistent violent felony offender sentencing scheme under Penal Law § 70.08 violates the principles announced in *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Mendez*, 71 AD3d 696 [2010]; *People v Rodriguez*, 51 AD3d 950, 951 [2008]) and, in any event, is without merit (*see People v Rawlins*, 10 NY3d 136, 158 [2008], *cert denied sub nom. Meekins v New York*, 557 US —, 129 S Ct 2856 [2009]; *People v Rivera*, 5 NY3d 61, 67 [2005], *cert denied* 546 US 984 [2005]).

Contrary to the defendant's contention, his trial counsel provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]).

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the identification evidence (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's identity as one of the perpetrators.

Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt with respect to gang assault in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). However, with respect to the defendant's conviction of assault in the first degree under count three of the indictment, the defendant correctly contends that the verdict was against the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]). As relevant here, a person is guilty of assault in the first degree when "[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.10 [1]). To establish accessorial liability, the People must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof, he solicited,

requested, commanded, importuned, or intentionally aided the principal to commit such crime (*see* Penal Law § 20.00; *People v Farrell*, 61 AD3d 696, 697 [2009]). "[M]ere presence at the scene of a crime, even with knowledge that the crime is taking place, or mere association with a perpetrator of a crime, is not enough for accessorial liability" (*Matter of Tatiana N.*, 73 AD3d 186, 190-191 [2010]).

At trial, the People presented evidence that the defendant and several other individuals physically attacked the complainant, who was stabbed at some point during the altercation. However, they failed to demonstrate, either directly or by inference through the actions of the defendant based on the entire series of events, that the defendant carried a dangerous instrument, stabbed the complainant, or was aware that any of his coperpetrators intended to stab the complainant (*see People v Rivera*, 176 AD2d 510, 511-512 [1991]; *People v Stevens*, 153 AD2d 768, 769 [1989], *affd* 76 NY2d 833 [1990]; *People v Kane*, 87 AD2d 578 [1982]; *cf. Matter of Tatiana N.*, 73 AD3d at 191). Accordingly, the People failed to prove beyond a reasonable doubt that the defendant intended to cause serious physical injury to the complainant and, thus, the conviction of assault in the first degree was against the weight of the evidence.

In light of the foregoing, we need not reach the defendant's remaining contentions. Skelos, J.P., Eng, Belen and Lott, JJ., concur.