■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN BLANCO, Appellant. [924 NYS2d 169]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered January 5, 2009, convicting him of burglary in the first degree (three counts) and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to the commencement of trial, the prosecutor and defense counsel reached their own *Sandoval* compromise agreement (*see People v Sandoval*, 34 NY2d 371 [1974]). A stipulation setting forth the terms of the *Sandoval* agreement was placed on the record in the defendant's presence in open court, without objection or comment by the defendant. However, on appeal the defendant contends that reversal is required because the record does not indicate whether he was present during the conference between the prosecutor and defense counsel at which the *Sandoval* agreement was negotiated. We disagree. The informal conference between the attorneys in which the trial judge did not participate was not a *Sandoval* hearing and, thus, did not constitute a material stage of the defendant's trial at which his presence was required (*see People v Hightower*, 286 AD2d 913, 914 [2001]; *People v Richardson*, 243 AD2d 515, 516 [1997]; *see also People v Davis*, 302 AD2d 866, 867 [2003]; *cf. People v Monclavo*, 87 NY2d 1029 [1996]).

The defendant's contention that he was deprived of a fair trial by certain comments made by the prosecutor during summation is unpreserved for appellate review because he did not object to any of the comments now alleged to be improper (*see* CPL 470.05 [2]; *People v Chardon*, 83 AD3d 954 [2011]; *People v St. Juste*, 83 AD3d 742 [2011]; *People v Amico*, 78 AD3d 1190, 1191 [2010], *lv denied* 16 NY3d 827 [2011]). In any event, the challenged comments were fair comment on the evidence and the reasonable inferences to be drawn therefrom, or fair response to the defense summation (*see People v Chardon*, 83 AD3d 954 [2011]; *People v Paul*, 82 AD3d 1267 [2011]; *People v McDonald*, 82 AD3d 1125 [2011]; *People v Amico*, 78 AD3d at 1191), and did not exceed the broad bounds of rhetorical comment permissible in closing arguments (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Archer*, 82 AD3d 781 [2011]; *People v Stewart*, 51 AD3d 826, 827 [2008]).

The defendant's remaining contention is without merit. Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.