■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL TISONE, Appellant. [925 NYS2d 843]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered March 24, 2010, convicting him of attempted robbery in the first degree, attempted robbery in the second degree, hindering prosecution in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, he was not deprived of the effective assistance of counsel due to the existence of an alleged conflict of interest. To prevail on a conflict of interest based claim of ineffective assistance of counsel, the defendant must show that "the conduct of his defense was in fact affected

by the operation of the conflict of interest, or that the conflict operated on the representation" (*People v Konstantinides*, 14 NY3d 1, 10 [2009] [internal quotation marks omitted]; *see People v Abar*, 99 NY2d 406, 409 [2003]; *People v Smart*, 96 NY2d 793, 795 [2001]; *People v Ortiz*, 76 NY2d 652, 657 [1990]). Here, the defendant did not make the requisite showing.

The defendant's contention that the cumulative effect of the improper admission of certain photographs and the prosecutor's improper summation remarks deprived him of a fair trial and constituted reversible error is without merit. Initially, his contention with respect to the photographic evidence is unpreserved for appellate review to the extent that it pertains to the admission of a photograph of a "Tec-9" handgun (*see People v Arroyo*, 59 AD3d 634, 634 [2009]; *People v Clas*, 54 AD3d 770, 770 [2008]). In any event, "photographs are admissible if they tend 'to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered' " (*People v Wood*, 79 NY2d 958, 960 [1992], quoting *People v Pobliner*, 32 NY2d 356, 369 [1973], *cert denied* 416 US 905 [1974]). They should be excluded " 'only if [their] *sole purpose* is to arouse the emotions of the jury and to prejudice the defendant' " (*People v Wood*, 79 NY2d at 960, quoting *People v Pobliner*, 32 NY2d at 370). As the photographs in this case were not offered for the sole purpose of arousing the emotions of the jury, the Supreme Court providently exercised its discretion in admitting them into evidence (*see People v Sampson*, 67 AD3d 1031, 1032 [2009]).

The defendant's contention regarding the prosecutor's summation remarks is unpreserved for appellate review because he failed to object to the subject remarks (*see* CPL 470.05 [2]; *People v Charles*, 57 AD3d 556, 556 [2008]; *People v Siriani*, 27 AD3d 670 [2006]). In any event, the challenged remarks were largely fair comment on the evidence adduced at trial or responsive to the defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Jones*, 76 AD3d 716, 717 [2010]; *People v Diaz*, 59 AD3d 459, 459-460 [2009]). Any error resulting from the remaining challenged remarks was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Smalls*, 65 AD3d 708 [2009]).

The defendant's remaining contentions are without merit. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.