THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAYQUAN STEWART, Appellant. [933 NYS2d 112]—

The defendant was convicted of robbery in the second degree after the complainant identified him in a lineup and subsequently in court as the person who, with two other men, robbed him at gunpoint. The defendant was arrested shortly after the robbery for possession of a gun that was later identified by the complainant as the same gun that was used by the defendant during the robbery. The jury acquitted the defendant of five of the six charges against him, including all of the charges that accused the defendant of causing the complainant physical injury and that accused the defendant of displaying or using a firearm. On the conviction of robbery in the second degree, the Supreme Court sentenced the defendant to a determinate term of imprisonment of 10 years, to be followed by a period of five years of postrelease supervision.

Contrary to the defendant's contention, he was not deprived of the right to present a defense as a result of the Supreme Court's refusal to grant him a continuance of one business day to secure the testimony of an alibi witness who had testified in the grand jury. The decision of whether to grant a continuance is a matter that is committed to the trial court's sound discretion (*see People v Jackson*, 41 AD3d 498, 498-499 [2007]). However, where, as here, the protection of fundamental rights

is involved, the trial court's discretion is "more narrowly construed" (*People v Spears*, 64 NY2d 698, 700 [1984]; *see People v Foy*, 32 NY2d 473, 476-477 [1973]).

The Supreme Court denied the defendant's request for a continuance of one business day, from Friday until Monday, but offered the defendant a brief adjournment in order to try to locate the witness and secure her testimony. When defense counsel indicated that he would not be able to secure the witness's testimony in that amount of time and would, therefore, be forced to rest the defense's case, the Supreme Court indicated that it would allow the defense to reopen its case at any time prior to summations should the witness be located. Moreover, the record does not indicate that the witness was within the court's jurisdiction or that the requested continuance would have enabled defense counsel to locate the witness (*see People v Moutinho*, 146 AD2d 650 [1989]). Under the circumstances, the Supreme Court did not improvidently exercise its discretion in denying the defendant's request for a continuance of one business day.

The defendant's challenges to numerous summation remarks made by the prosecutor are largely unpreserved for appellate review because defense counsel either failed to object or made only general objections to the remarks (*see People v West*, 86 AD3d 583, 585 [2011]; *People v Gabriel*, 85 AD3d 1201 [2011], *lv denied* 17 NY3d 859 [2011]; *People v Blanco*, 84 AD3d 1392, 1393 [2011], *lv denied* 17 NY3d 857 [2011]). In addition, the defendant's motion for a mistrial, which was made after the completion of summations, failed to preserve the defendant's objections to the prosecutor's summation remarks (*see People v Paul*, 82 AD3d 1267 [2011]; *People v Salnave*, 41 AD3d 872 [2007]). In any event, the comments either were responsive to defense counsel's summation, fair comment on the evidence and the reasonable inferences to be drawn therefrom, or permissible rhetorical comment (*see People v Spencer*, 87 AD3d 751, 753 [2011]; *People v Tisone*, 85 AD3d 1066, 1067 [2011]; *People v Brown*, 84 AD3d 1263 [2011]; *People v Arnold*, 60 AD3d 960, 961 [2009]).

There is no merit to the defendant's contention that he was deprived of the effective assistance of counsel because defense counsel failed to object to or adequately preserve the defendant's contentions regarding the above-referenced summation remarks. Based on this record as a whole, the defendant received the effective assistance of counsel (*see People v Masaguilar*, 86 AD3d 619, 620 [2011]).

The sentence imposed was excessive to the extent indicated

herein (*see People v Suitte*, 90 AD2d 80, 86 [1982]). Mastro, J.P., Florio, Lott and Cohen, JJ., concur.