# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**296**
**KA 14-00246**
PRESENT: WHALEN, P.J., SMITH, CENTRA, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

HERBERT FARLEY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered January 22, 2014.  The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the facts, the indictment is dismissed and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree as an accessory (Penal Law § 120.10 [1]; *see* § 20.00) in connection with an incident wherein the victim was stabbed by defendant's son, who intervened during a fistfight between defendant and the victim.  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), i.e., that, acting alone or in concert with another, defendant caused serious physical injury to the victim by means of a dangerous instrument and that he did so with the intent to cause serious physical injury to the victim, we conclude, based upon our independent review of the evidence, that the "conviction [is] not in accord with the weight of the evidence" (*People v Delamota*, 18 NY3d 107, 117; *see generally Danielson*, 9 NY3d at 349; *People v Bleakley*, 69 NY2d 490, 495).  We therefore reverse the judgment and dismiss the indictment.

The evidence established that, in the early evening on the day of the incident, defendant and the victim engaged in a verbal altercation while defendant was walking his dog near a grassy area where the victim, who was homeless, was staying.  Several hours later, defendant, his dog, and his adult son returned to the area.  The victim and defendant each testified that they had been drinking alcoholic beverages throughout the day and were intoxicated.  The

victim testified that he heard someone on the other side of a fence say words to the effect of, "wait here," and then the victim saw defendant and his dog proceed through a hole in the fence to the area where the victim was located. After the men again engaged in a verbal altercation, defendant struck the victim with his fist, and the victim knocked defendant to the ground. Defendant told his dog to "Sick 'em," but the dog only wagged his tail. The victim testified that defendant attempted to strike him two or three more times, and that he knocked defendant to the ground each time.

The victim further testified that he was approached by defendant's son who began to fight with him, while defendant was somewhere behind him, and stabbed him eight times, resulting in life-threatening injuries. The victim's testimony is consistent with defendant's testimony that he had proceeded down a hill to retrieve his dog when his son began fighting with the victim. Defendant also testified that his son carried a pocket knife and that, on one occasion, his son carried a knife while chasing a person who had seriously injured defendant during a bar fight.

Two other witnesses testified that they were sitting on their porch in the vicinity of the incident and heard loud arguing between at least three men, and one of them testified that she heard words to the effect of, "we're going to make you pay for this" and "we're going to hit you or stick you." Another witness testified that he was on the street in front of a bar when he saw a man run toward him, enter a parked car, and drive away at a high rate of speed. That car was later found crashed and abandoned, and DNA evidence established that it had been driven by defendant's son. Shortly after that witness saw the man leave in the vehicle, a second man, with a dog, approached the witness and said words to the effect of, "if a homeless guy comes looking for me, tell him I went into the bar."

Defendant lived in an apartment above the bar, and he called 911 from his apartment and reported that he had been attacked. The police officer who responded to defendant's 911 call testified that defendant said that he had an altercation with a homeless man who was angry because defendant's dog had urinated on the fence, and that the homeless man had knocked him to the ground four or five times. The police officer testified that defendant was bleeding from injuries to his head and elbow, and that there was blood on his shirt. Blood on the hem of the shirt was later determined to be the victim's blood.

Although "all of the elements [of the crime] and necessary findings are supported by some credible evidence," we conclude that an acquittal would not have been unreasonable (*Bleakley*, 69 NY2d at 495; *see Danielson*, 9 NY3d at 348). We therefore must "independently assess all the proof; substitute [our] own credibility determinations for those made by the jury [if necessary]; determine whether the verdict was factually correct; and acquit . . . defendant if [we] are not convinced that the jury was justified in finding that guilt was proven beyond a reasonable doubt" (*Delamota*, 18 NY3d at 116-117; *see Bleakley*, 69 NY2d at 495). Here, defendant was charged as an accessory, and thus the People had to "prove beyond a reasonable doubt

that [defendant] acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof, he solicited, requested, commanded, importuned, or intentionally aided the principal to commit such crime" (*People v Chardon*, 83 AD3d 954, 956-957, *lv denied* 18 NY3d 857; *see* Penal Law § 20.00).  We conclude that the People failed to prove beyond a reasonable doubt that defendant acted with the requisite mental culpability to commit assault in the first degree by causing serious physical injury to the victim by the use of a dangerous instrument, or that he solicited, requested, commanded, importuned or intentionally aided his son in committing the offense (*see Chardon*, 83 AD3d at 957).

In light of our determination, we need not address defendant's remaining contentions.

Entered:  May 5, 2017                              Frances E. Cafarell
                                                   Clerk of the Court