People v Sadhoo (2024 NY Slip Op 24183)

[*1]

People v Sadhoo (Rishi)

2024 NY Slip Op 24183

Decided on June 6, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on June 6, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2023-510 N CR

The People of the State of New York, Appellant,
against
Rishi Sadhoo, Respondent. 

Nassau County District Attorney (Sarah S. Rabinowitz and Michael J. Balch of counsel), for appellant.
Lavallee Law Office, PLLC (Keith A. Lavallee of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Douglas J. LeRose, J.), rendered November 2, 2022. The order summarily granted defendant's motion to suppress evidence.

ORDERED that the order is reversed, on the law, and the matter is remitted to the District Court for a determination de novo, following a hearing, of defendant's motion to suppress evidence.
In January 2022, defendant was arraigned on various Vehicle and Traffic Law charges including common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and speeding (Vehicle and Traffic Law § 1180 [b]). In March 2022, the People filed a certificate of compliance and statement of readiness with a CPL 30.30 (5-a) certification. Thereafter, the case was scheduled for a combined suppression hearing on June 15, 2022. On June 15th, the People were ready to proceed, but defense counsel was not, and the hearing was adjourned to July 21, 2022. On July 21st, the People were not ready and the prosecutor informed the court that, on or about June 17, 2022, the arresting trooper had left for a one-year military deployment, and that the time the trooper would be unavailable was excludable pursuant to CPL 30.30 (4) (g) as an exceptional circumstance. The District Court adjourned the hearing, at the People's request, to August 29, 2022. On August 29th, the prosecutor stated that the People were not ready because the "sole witness for the traffic stop is currently on military leave . . . in the Middle East since June," and was not expected to return until June 2023. The prosecutor also informed the court that he had contacted the State Police to obtain further details about the trooper's deployment, such as which branch of the military he was in, and stated that "they gave us the information that he is in the Middle East. They will not provide any more information than that." The case was adjourned, at the People's request, to September 14, 2022. On September 14th, the District Court stated that the military deployment of a witness does not necessarily mean that the court is barred from moving forward with a hearing, and offered to provide the People with a judicial subpoena [*2]for the trooper. The hearing was then adjourned, at the People's request, to November 2, 2022. 
On November 2, 2022, the prosecutor stated that "the trooper who is a key witness on this case is on military leave in the Middle East until September of 2023," and that his deployment constituted an exceptional circumstance. Defense counsel argued that defendant was entitled to a speedy trial and that a 10-month adjournment would violate defendant's constitutional rights; that the defense was ready for the hearing; and that if the People were not ready, and could not prove their case, the suppression motion should be granted. 
The District Court (Douglas J. LeRose, J.), referencing "an edict from the Court system that if the case is 365 days old or older that we need to put it down for a hearing and/or trial," stated that the case began in January 2022 and would be more than 365 days old when the trooper returned from deployment in 2023, at which time the People's statutory and constitutional speedy trial time would have expired. The District Court denied the People's request for an adjournment and summarily granted defendant's motion to suppress. Judge LeRose stated that, despite his personal feelings that deployment locations should not be disclosed, "I don't believe that a full due diligence has been made here by the People . . . I don't believe the burden was, in fact carried." 
The People's subsequent motion for leave to reargue the suppression order was denied and, therefore, the assertions contained therein are not before us (see CPLR 5517 [b]; People v Popko, 58 Misc 3d 1, 4 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
On appeal, the People contend that the District Court abused its discretion when it denied their adjournment request and summarily granted defendant's motion to suppress evidence, and that neither defendant's constitutional nor statutory right to a speedy trial was violated, as all time attendant to the unavailability of the trooper was excludable as an exceptional circumstance pursuant to CPL 30.30 (4) (g). 
It is well settled that the determination to grant an adjournment is a matter that is committed to the trial court's discretion (see People v Diggins, 11 NY3d 518, 524 [2008]; Matter of Anthony M., 63 NY2d 270, 283 [1984]; People v Foy, 32 NY2d 473, 476 [1973]). In People v Marku (65 Misc 3d 32, 35 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]), this court stated that:
"When the issue is . . . the People's failure to produce witnesses at a suppression hearing and a trial court's refusal to grant the prosecutor's application for an adjournment to permit the People a further opportunity to produce their proof, the question is not whether the People failed to meet their burden of proof but whether they were improperly denied an opportunity to do so. In the exercise of a trial court's broad authority to grant or deny adjournments (see Matter of Anthony M., 63 NY2d 270, 283 [1984]; People v Ruiz, 57 AD3d 576 [2008]), a court may properly deny an adjournment of a suppression hearing (see People v Valentin, 27 Misc 3d [19,] 21 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]. . . ). A court's exercise of discretion in this context is subject to review as to whether that discretion was providently exercised (see People v Alonso, 57 Misc 3d 155[A], 2017 NY Slip Op 51611[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Valentin, 27 Misc 3d at 21)." Upon the People's failure to produce a witness at a suppression hearing, a court may [*3]summarily grant a motion to suppress if the People do not demonstrate that they "had exercised some diligence and good faith in endeavoring to have the witness[] in court" (People v Goggans, 123 AD2d 643, 643 [1986] [internal quotation marks omitted]; see People v Venable, 154 AD2d 722, 723 [1989]; Marku, 65 Misc 3d at 35; People v Marks, 15 Misc 3d 139[A], 2007 NY Slip Op 50942[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]).
A review of the record indicates that the People were in regular contact with the New York State Police and provided updates regarding the arresting trooper's status and whereabouts. Consequently, as the record indicates that the People demonstrated that they had exercised due "diligence and good faith in endeavoring to have the [trooper] in court" (Goggans, 123 AD2d at 643; see People v Onikosi,140 AD3d 516, 517 [2016]; People v Chardon, 83 AD3d 954, 955 [2011]; Venable, 154 AD2d at 723; Marku,65 Misc 3d at 35-36; People v Clark, 39 Misc 3d 127[A], 2013 NY Slip Op 50414[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; Marks, 2007 NY Slip Op 50942[U], *1; cf. People v Cruz, 78 Misc 3d 9, 14 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]), we find that the District Court improvidently exercised its discretion in denying the People's adjournment request and improperly granted defendant's suppression motion without a hearing.
Accordingly, the order is reversed and the matter is remitted to the District Court for a determination de novo, following a hearing, of defendant's motion to suppress evidence.
GARGUILO, P.J., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 6, 2024